IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JON R. DEUTSCH, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:15-CV-413-RP |
| RICHARD WATSON INSURANCE AGENCY, INC., | § § § § | |
| Defendant. | § § | |

**ORDER**

Before the court is Plaintiff's Proposed Bill of Costs and Motion for Attorney's Fees, filed October 10, 2016. (Dkt. 16). Having reviewed the motion and bill of costs, the affidavit in support, the record, and the applicable law, the court renders the following Order.

**I. Attorney's Fees**

In a civil rights case, such as this, "a prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances." *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978)). "Thus, a prevailing plaintiff in a civil rights action is presumptively entitled to reasonable attorney's fees, unless a showing of 'special circumstances' is made that would deem such an award unjust." *Dean*, 240 F.3d at 508 (citation omitted).

The court begins by determining a lodestar fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Green v. Administrators of Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002). The factors originally articulated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974), should then be applied to determine whether the fees requested are reasonable or whether an adjustment to the original lodestar amount is appropriate. *See id.*; *see also Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex.

1

1997). The twelve *Johnson* factors include: (1) time and labor required; (2) novelty and difficulty of the issues; (3) required skill; (4) whether other employment is precluded; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19. However, the United States Supreme Court has barred the use of the sixth factor. *See Walker v. U.S. Dept. of Housing & Urban Dev.,* 99 F.3d 761, 772 (5th Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992)).

In the United States District Court for the Western District of Texas, Austin Division, Plaintiff's counsel Omar Rosales has commenced no fewer than 385 lawsuits on behalf of Plaintiff Jon Deutsch against various individuals and business entities alleging violations of the Americans with Disabilities Act. *See* 42 U.S.C. §§ 12181–12189. The complaints for these lawsuits appear to be based on a template, on which Rosales merely changes names of defendants and other minor information, but nonetheless makes numerous mistakes. In an affidavit attached as an exhibit to his motion for attorney's fees and costs, Rosales states that he worked a total of 11 hours on this case, and the rate for his services is $500 per hour. He asserts that his hourly rate is based on his "experience, expertise, special qualifications, and being head of a law firm."

The court has reviewed and conducted an evaluation of the time and billing records Rosales submitted. Although Rosales attempts to document 11 hours of work on this case and concludes 11 hours is not an unreasonable amount of time, the court concludes that the time expended is unreasonable for what basically has been a cookie-cutter exercise. The court concludes that four hours is a reasonable amount of time for Rosales to have spent on this case in this court.

The court further concludes that Rosales's claimed hourly rate of $500 is unreasonable, considering the nature of this case. The case involves no novel or particularly difficult issue of law

and does not require any special skill of Rosales.  Further, the case is virtually identical to the approximately 385 cases Rosales has filed in this court.  Prosecution of this case did not require research, legal reasoning, or drafting expertise.  The duplication and slight modification of pleadings and motions performed for this case do not require critical thinking or professional legal skills.

The court concludes that a reasonable hourly rate for the work performed on this case is $250.  The court will therefore award Plaintiff attorney's fees in the amount of $1000.

## II. Costs

Plaintiff also seeks reimbursement of expenses in the amount of $700.  A district court generally has wide discretion in awarding expenses or costs; however, this discretion is not unfettered.  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987).  The court's discretion in taxing costs against an unsuccessful litigant is limited to the following recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Although a district court may decline to award costs listed in the statute, it may not award costs omitted from the statute.  *See Crawford*, 482 U.S. at 441–42; *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993).

Moreover, "[i]tems proposed by winning parties as costs should always be given careful scrutiny."  *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964) (quoted in *Louisiana Power & Light*

3

*Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995)). The party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred and proof, when applicable, that a certain item was necessarily obtained for use in the case. *See Fogleman*, 920 F.2d at 285–86; *Casarez v. Val Verde County*, 27 F. Supp. 2d 749, 751 (W.D. Tex. 1998). This is a factual determination to be made by the district court. *See Fogleman*, 920 F.2d at 285–86.

Plaintiff seeks an award for the following costs: (1) a lawsuit filing fee in the amount of $400 and (2) a "TABC Award" in the amount of $300. *See* 28 U.S.C. § 1920. The Court will award Plaintiff his filing fee of $400. *Id.* Plaintiff does not explain by his motion what "TABC Award" refers to or provide any statutory support for his request that the court award the cost of the "TABC Award." The court may not award costs that are not authorized by statute. *See Crawford*, 482 U.S. at 441–42; *Coats*, 5 F.3d at 891. Therefore, the court will deny Plaintiff's request for a "TABC Award" of $300.

### III. Conclusion

**IT IS ORDERED** that Plaintiff's Proposed Bill of Costs and Motion for Attorney's Fees (Dkt. 16) is **GRANTED IN PART AND DENIED IN PART**, consistent with the terms of this Order. Plaintiff Jon R. Deutsch shall recover:

- attorney's fees from Richard Watson Insurance Agency, Inc. in the amount of $1000; and
- costs from Richard Watson Insurance Agency, Inc. in the amount of $400.

**SIGNED** on July 12, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

4